UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE KILPATRICK LUCAS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CASE NO. 2:13-CV-2226-SLB** |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Plaintiff Willie Kilpatrick Lucas brings this action pursuant to 42 U.S.C. § 405(g),[1] seeking review of the Commissioner of Social Security's final decision denying his application for a period of disability, disability insurance benefits ["DIB"], and supplemental security income ["SSI"]. Upon review of the record and the relevant law, the court is of the opinion that the Commissioner's decision is due to be remanded for further proceedings.

## I. PROCEDURAL HISTORY

Mr. Lucas protectively filed an application for a period of disability, DIB, and SSI on April 21, 2011. (Doc. 6-3 at R.27.)[2] His claims were denied initially. (Doc. 6-4 at R.84,

---

[1] The judicial review provisions for a DIB claims, 42 U.S.C. § 405(g), apply to claims for SSI, *see* 42 U.S.C. § 1383(c)(3).

[2] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. Reference to a page numbers in the Commissioner's record, ["R.___"], refers to the page number assigned to the record by the Commissioner.

R.85.) Thereafter, he requested a hearing before an Administrative Law Judge ["ALJ"], which was held on June 29, 2012. (Doc. 6-5 at R.95-R.96; doc. 6-3 at R.63.) After the hearing, the ALJ found that Mr. Lucas was able to perform his past relevant work of small business owner as performed. (Doc. 6-3 at R.34.) Therefore, she denied Mr. Lucas's application for a period of disability, DIB, and SSI on July 27, 2012. (*Id.*)

Mr. Lucas then requested review of the ALJ's decision by the Appeals Council. (*Id*. at R.23.) The Appeals Council "found no reason under [its] rules to review the [ALJ]'s decision," and it denied Mr. Lucas's request for review. (Doc. 6-3 at R.1.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*See id*.)

Following denial of review by the Appeals Council, Mr. Lucas filed an appeal in this court. (Doc. 1.)

## II.  STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court's role is a narrow one: "Our review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court gives deference to factual findings and reviews questions of law de novo. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it]

2

must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cor. 1990)(quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983))(internal quotations and other citation omitted). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)). "Substantial evidence" is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)(internal quotations and citations omitted)

Conclusions of law made by the Commissioner are reviewed de novo. *Cornelius,* 936 F.2d at 1145. "No . . . presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III.  DISCUSSION

### A.  THE FIVE-STEP EVALUATION

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for a period of disability, DIB, and/or SSI. *See* 20 C.F.R. § 404.1520(a)(1)-(2); 20 C.F.R. § 416.920(a)(1)-(2); *Bowen v. City of New York,* 476 U.S. 467, 470 (1986). "[A]n individual shall be considered to be disabled for purposes of [determining eligibility for DIB and SSI benefits] if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(1); *see also* 42 U.S.C. § 416(i)(1); 42 U.S.C. § 423(d)(1)(A). The specific steps in the evaluation process are as follows:

### 1. Substantial Gainful Employment

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 137 (1987). The regulations define "substantial gainful activity" as "work activity that is both substantial and gainful."[3] 20 C.F.R. § 404.1572; 20 C.F.R. § 416.972. If the claimant is working and that work is substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or his age, education, and work experience.

---

[3]The regulations state:

(a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

(b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

(c) *Some other activities*. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 404.1572; 20 C.F.R. § 416.972.

20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b). "Under the first step, the claimant has the burden to show that [he] is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Commissioner of Social Sec.*, 457 Fed. Appx. 862, 863 (2012).

The ALJ found that Mr. Lucas had not engaged in substantial gainful activity since June 4, 2010, the amended alleged onset date. (Doc. 6-3 at R.29.)

### 2. Severe Impairments

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); 42 U.S.C. § 1382c(a)(3)(D). The regulations provide: "[I]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."

*Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a); 20 C.F.R. § 416.921(a). A complainant may be found disabled based on a combination of impairments even though none of the individual impairments alone are disabling. *Walker v. Brown*, 826 F.2d 996, 1001 (11th Cir. 1985); *see also* 20 C.F.R. § 404.1523; 20 C.F.R. § 416.923. A claimant has the burden to show that he has a severe impairment or combination of impairments. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Mr. Lucas had the following severe impairments: "degenerative joint disease; hypertension; and status post gunshot wound to the lower extremity." (Doc. 6-3 at R.29.) She found that depression was a non-severe impairment. (*Id.*)

### 3. The Listings

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the durational requirement and whether it is equivalent to any one of the listed impairments, which are impairments that are so severe as to prevent an individual with the described impairment from performing substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii), (d)-(e); 20 C.F.R. § 416.920(a)(4)(iii), (d)-(e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 [The Listings]. If the claimant's impairment meets or equals an impairment listed in the regulations, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d). The claimant has the burden of proving that his

impairment meets or equals the criteria contained in one of the Listings. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Mr. Lucas did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. (Doc. 6-3 at R.30.)

### 4. Residual Functional Capacity and Past Relevant Work

If the impairment or combination of impairments does not meet or equal the criteria of a Listing, the claimant must prove that his impairment or combination of impairments prevents him from performing his past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (f); 20 C.F.R. § 416.920(a)(4)(iv), (f). At step four, the Commissioner "will first compare [her] assessment of [the claimant's] residual functional capacity ["RFC"] with the physical and mental demands of [the claimant's] past relevant work. 20 C.F.R. § 404.1560(b); 20 C.F.R. § 416.960(b). "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [him] to learn to do it. 20 C.F.R. § 404.1560(b)(1); 20 C.F.R. § 416.960(b)(1). If the claimant is capable of performing his past relevant work, the Commissioner will find he is not disabled. 20 C.F.R. § 404.1560(e); 20 C.F.R. § 416.920(e). The claimant bears the burden of establishing that the impairment or combination or impairments prevents him from performing past work. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Mr. Lucas could perform a limited range of light work; she found:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can lift twenty pounds frequently and ten pounds occasionally; he can stand and walk for six hours in an eight-hour day; he can sit for six hours in an eight-hour day; he should not climb ladders, ropes, or scaffolds; he can occasionally climb ramps and stairs; he can occasionally balance, stoop, crouch, kneel, and crawl; he can frequently perform bilaterally reaching; he must avoid all exposure to workplace hazards such as dangerous machinery and unprotected heights; he can maintain concentration and attention for two-hour periods-of-time, notwithstanding pain; and he requires to sit or stand at his own discretion.

(*Id*. at R.30.) The ALJ found that Mr. Lucas could perform "his past relevant work as a small business owner, DOT Code 185.167-046, light, skilled, SVP [specific vocational preparation] of 7 (but he did not perform it at a level 7)." (*Id*. at R.34.)

**5. Other Work in the National Economy**

If the claimant establishes that he is unable to perform his past relevant work, the Commissioner must show that the claimant – in light of his RFC, age, education, and work experience – is capable of performing other work that exists in substantial numbers in the national economy. *Reynolds-Buckley*, 457 Fed. Appx. at 863; *see also* 20 C.F.R. § 404.1520(c)(1); 20 C.F.R. § 416.920(c)(1). The regulations provide:

> If we find that your residual functional capacity is not enough to enable you to do any of your past relevant work, we will use the same residual functional capacity assessment we used to decide if you could do your past relevant work when we decide if you can adjust to any other work. We will look at your ability to adjust to other work by considering your residual functional capacity and your vocational factors of age, education, and work experience. Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).

20 C.F.R. § 404.1560(c)(1); 20 C.F. R. § 416.960(c)(1). If the claimant is not capable of performing such other work, the Commissioner must find the claimant is disabled. 20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f). If, however, the Commissioner finds that the claimant can perform other work, the claimant has the burden to prove he in not capable of performing such other work.

Because she found Mr. Lucas was capable of performing his past relevant work, the ALJ did not address whether other jobs existed in the national economy that an individual of Mr. Lucas's age and with his RFC, education, and work experience could perform.

## B. LUCAS'S APPEAL

The ALJ found that Mr. Lucas could perform his past relevant work as a small business owner. She did not explicitly consider whether this work was substantial gainful activity as performed by Mr. Lucas. Without such discussion this court cannot determine whether the Commissioner correctly found that Mr. Lucas had past relevant work as a small business owner.

Mr. Lucas contends:

> The only job that appeared to be available with this provision was the small business owner according to vocational expert (VE) testimony ([Doc. 6-3 at] R.81). However, Plaintiff testified that he did not perform any meaningful functions as a small business owner and did not even show up on a daily basis ([*Id.* at] R.79-80). Plaintiff otherwise performed light, medium and heavy jobs ([*Id.* at] R.78). If limited to the full range of sedentary work, Mr. Lucas would potentially "grid" under the Medical Vocational Rules (MVR).

(Doc. 10 at 8.) During the hearing before the ALJ, the vocational expert ["VE"] testified that she had "notice[d] in the earnings record in 2004, [2005] and [2006], there were earnings from self-employment." (Doc. 6-3 at R.78.) Mr. Lucas testified that he had owned a detail shop but he had not detailed cars or managed the business; this work was performed by his employees. (*Id*. at R.79.) He described his work as follows: "I just sat around and showed them what to do. Sometimes I would collect the monies and stuff like that." (*Id*.) He did not go to work everyday and only went to the shop sometimes to close and make sure the money was right. (*Id*. at 79-80.)

The regulations define "past relevant work" as "work that [the claimant has] done within the past 15 years, that was **substantial gainful activity**, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1)(emphasis added); 20 C.F.R. § 416.960(b)(1). For purposes of determining "substantial gainful activity", "[s]elf-employment is evaluated differently from other forms of employment in that income is less reliable as an indicator of the substantial nature of the work. The [Commissioner] considers the nature of the activities and their value to the business in relation to the actual income." *Johnson v. Sullivan*, 929 F.2d 596, 597-98 (11th Cir. 1991)(citing 20 C.F.R. § 404.1575); *see also* 20 C.F.R. § 416.975. Specifically, the regulations provide:

> We will consider your activities and their value to your business to decide whether you have engaged in substantial gainful activity if you are self-employed. We will not consider your income alone because the amount of income you actually receive may depend on a number of different factors, such as capital investment and profit-sharing agreements. . . . We will evaluate your work activity based on the value of your services to the business

> regardless of whether you receive an immediate income for your services. We determine whether you have engaged in substantial gainful activity by applying three tests. If you have not engaged in substantial gainful activity under test one, then we will consider tests two and three. The tests are as follows:
>
> > (i) Test one: You have engaged in substantial gainful activity if you render services that are significant to the operation of the business and receive a substantial income from the business. . . .
> >
> > (ii) Test Two: You have engaged in substantial gainful activity if your work activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in your community who are in the same or similar businesses as their means of livelihood.
> >
> > (iii) Test Three: You have engaged in substantial gainful activity if your work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work you are doing.

20 C.F.R. § 404.1575(a)(2); *see also* 20 C.F.R. § 416.975(a). The regulations provide that the term "significant services" for a self-employed claimant means: "If . . . you operate a business entirely by yourself, any services that you render are significant to the business. If your business involves the services of more than one person, we will consider you to be rendering significant services if you contribute more than half the total time required for the management of the business, or you render management services for more than 45 hours a month regardless of the total management time required by the business." 20 C.F.R. § 404.1575(b)(1); 20 C.F.R. § 416.975(b)(1).

The ALJ did not explain her reasoning for finding that Mr. Lucas's former activity as a small business owner constituted "past relevant work" as defined by the regulations. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994)(citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). The court finds that the decision of the ALJ, which does not discuss her reasons for finding Mr. Lucas's prior ownership of a detail shop with its limited work activity was "past relevant work," does not provide this court with sufficient reasoning to find the proper legal analysis was conducted. Therefore, the Commissioner's decision, denying Mr. Lucas's claims for a period fo disability, DIB, and SSI, will be reversed and remanded for further proceedings.[4]

---

[4] On remand, the Commissioner shall also consider whether she is bound by her prior finding that limited Mr. Lucas's past relevant work to "car detailer, waiter, crane operator, machine tender, and customer complaint clerk," (doc. 6-3 at 55), and thus excluded his work as a small business operator.

## **CONCLUSION**

For the reasons set forth above, the decision of the Commissioner is due to be reversed and this cause remanded for further proceedings consistent with this Memorandum Opinion. An Order in conformity with the Memorandum Opinion will be entered contemporaneously.

**DONE** this 19th day of March, 2015.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE